[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16816
Argument Calendar

_____

D. C. Docket No. 05-20301-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN RIVERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 28, 2007)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Kevin Rivero appeals his conviction and sentence of 27 months for

knowingly and willfully receiving a firearm while under information for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(n). Having reviewed the record and considered the briefs and oral argument of counsel, we find no reversible error.

First, Rivero's argument that the government's prosecution under 18 U.S.C. § 922(n) violated his Second Amendment right to keep and bear arms is foreclosed by our reading of United States v. Wright, 117 F.3d 1265, 1272 (11th Cir. 1997). Second, we reject Rivero's argument that the word "receive" in 18 U.S.C. § 922(n) is unconstitutionally vague, finding that it gives ordinary persons clear notice of what is prohibited therein. Third, we find no merit to Rivero's argument that the indictment failed to adequately state the offense when it alleged only that Rivero had been "previously charged by indictment" instead of alleging that Rivero was "under" indictment when he received the firearm at issue. The indictment expressly refers to the statutory provisions on which the charges were based and the date of the incident in question, and, accordingly, provides notice to Rivero of the charges he faced and would preclude any subsequent prosecution for the same offense. See United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998).

With reference to asserted errors at trial, after a review of the trial record, we cannot say that the trial judge abused its discretion when it admitted testimony that

2

Rivero impersonated a police officer. Nor can we say that there was an impermissible variance between the allegations in the indictment and the proof at trial simply because the jury asked a question pertaining to Rivero's firearm rentals on a different day than that of the charged conduct. Finally, we find the government presented sufficient evidence for a jury to find that Rivero was guilty of the charged conduct.

**AFFIRMED.**